UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                          Chapter 13

David Lee Fisher and                                            Case Number 18-45089
Justine Case Fisher,
      Debtors.                    Hon. Mark A. Randon

_____/

## OPINION AND ORDER GRANTING BANK OF AMERICA'S MOTION TO ANNUL THE AUTOMATIC STAY

Debtor, Justine Fisher, obtained an interest in her father's real property. After he died, and as the personal representative of his probate estate, she executed a quit claim deed, transferring, to herself, his interest in the property. The problem: she believed there was only one mortgage on the property when, in fact, there were two. Bank of America ("the Bank") was the unknown mortgagee.

In part to save the property from foreclosure–and before the foreclosure sale–Debtor filed Chapter 13 bankruptcy. But she neglected to list the Bank on her schedules or the creditor matrix, and–unaware of the bankruptcy–the Bank continued its foreclosure by advertisement under Michigan law.

The Bank was the winning bidder at the foreclosure auction. After the expiration of the redemption period, and just before learning of the bankruptcy, the Bank sold the property to a third party. In the meantime, Debtor's Chapter 13 was dismissed; Debtor filed a second Chapter 13, with her husband, after the redemption period expired.

1

Debtor now seeks to unwind the foreclosure and third-party sale. She argues that because her first bankruptcy preceded the foreclosure sale, it occurred in violation of the automatic stay and is, therefore, void. The Bank's motion for an annulment of the stay and a declaration that the foreclosure was valid is pending.

The Sixth Circuit Court of Appeals has held:

> actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances. We suggest that only where the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor.

*Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). The equitable circumstances apply here. By failing to exercise reasonable due diligence and identify *all* mortgagees on the property after acquiring an interest in it, the Court finds Debtor unreasonably withheld notice of the stay from the Bank. It would be unfair to allow the Debtor–who was also the representative of her father's estate–to sit on her hands and remain ignorant of the Bank's interest, when even a cursory review of the title history–or even the foreclosure notices–would have revealed it. And the Bank will be prejudiced if the Debtor is able to raise the stay as a defense, as both the foreclosure and third-party sale would have to be unwound to allow specific performance.

For these reasons, and those stated on the record, the Court **GRANTS** the Bank's motion.

**IT IS ORDERED**.

**Signed on August 30, 2018**

 /s/ Mark A. Randon
_____
**Mark A. Randon
United States Bankruptcy Judge**